**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Frieda Aaron, et al., | ) |
| Plaintiffs, | ) Case No.: 1:18-cv-00599 |
| vs. | ) Judge Michael R. Barrett |
| Chief Justice Maureen O'Connor, | ) |
| Defendant. | ) |

**OPINION & ORDER**

This matter is before the Court on Defendant, Ohio Supreme Court Chief Justice, Maureen O'Connor's Motion to Dismiss (Doc. 7). Plaintiffs filed a Response in Opposition[1] (Doc. 15) and Defendant filed a Reply (Doc. 16).

**I.    BACKGROUND**

Plaintiffs are clients in medical malpractice claims against Dr. Abubakar Atiq Durrani and the different hospitals where he treated patients in the underlying cases known as "the Durrani cases." (Doc. 1). The Durrani cases began approximately seven years ago and are currently being litigated in this Court and the Hamilton County Court of Common Pleas. *Id.* Plaintiffs believes that Chief Justice O'Connor is seeking to deny justice to Plaintiffs in the Durrani litigation and, as a result, the law firm representing Plaintiffs have has filed multiple federal lawsuits against Chief Justice O'Connor and other members of the state judiciary.

---

[1] Although Plaintiffs request oral argument in the caption of their Response, they fail to state the ground for that request in the body of their Response (Doc. 15); *see* S.D. Ohio Civ. R. 7.1(b)(2). The Court does not deem oral argument essential to the fair resolution of this matter and denies Plaintiffs' requests. *See id.*

In this lawsuit, Plaintiffs bring one count against Chief Justice O'Conner pursuant to 42 U.S.C. § 1983, in her official capacity, asserting that she has violated their rights to expeditious and timely trials under the due process clause of the 14th Amendment of the United States Constitution and, thus, denied Plaintiffs' access to the state courts. (*Id.*, ¶¶ 8, 49, 60). Chief Justice O'Conner filed a Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 7). She argues that dismissal is appropriate because she is entitled to Eleventh Amendment immunity and, even assuming that immunity is inapplicable, Plaintiffs fail to state a claim under Section 1983. *Id.*

II. **ANLAYSIS**

   A. **Standard of Review**

Rule 12(b)(1) allows a defendant to move for dismissal on the basis that the court lacks subject matter jurisdiction. When subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing that subject matter jurisdiction exists. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Mich. S.R.R. v. Branch & St. Joseph Counties Rail Users Ass'n.*, 287 F.3d 568, 573 (6th Cir. 2002).

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3)

allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. 544. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663.

### B. Eleventh Amendment

Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). However, the Eleventh Amendment does not preclude a suit against the Individual Defendants for prospective injunctive relief. *See id.* at 662 (citing *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). There are three exceptions to a state's sovereign immunity: (1) when the state has consented to suit; (2) when Congress has clearly and expressly abrogated the state's immunity; and (3) when the exception set forth in *Ex parte Young*, 209 U.S. 123 (1908), applies. *Puckett v. Lexington-Fayette Urban Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016).

None of the three exceptions apply in this matter. First, Ohio has not consented to suit by statute or conduct in this litigation. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (holding that Ohio has not waived sovereign immunity in federal court); *see*

*Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (holding that appearing in court to present certain defenses does not necessarily waive immunity). *Compare* (Doc. 7, PageID 105), *with* (Doc. 15, PageID 137-39). Second, Section 1983 does not abrogate Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (holding that Congress did not intend to disturb the States' Eleventh Amendment immunity by passing § 1983) (internal quotations omitted); *Compare* (Doc. 7, PageID 105), *with* (Doc. 15, PageID 137-39).

Third, "[t]he *Ex Parte Young* exception to sovereign immunity allows a plaintiff 'to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations, regardless of whether compliance might have an ancillary effect on the state treasury.'" *Woodard v. Winters*, No. 2:16-CV-704, 2018 WL 3020336, at *4 (S.D. Ohio June 18, 2018), *report and recommendation adopted*, No. 2:16-CV-704, 2018 WL 4610511 (S.D. Ohio Sept. 26, 2018) (quoting *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017). "The exception applies where the plaintiff alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (citing *Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 616 (6th Cir. 2003) (internal quotations omitted). "The state official sued, however, must have, by virtue of the office, some connection with the alleged unconstitutional act or conduct of which the plaintiff complains." *Floyd v. Cty. of Kent*, 454 F. App'x 493, 499 (6th Cir. 2012); *see Austin v. Kasich*, No. 2:12-CV-983, 2013 WL 1324354, at *3 (S.D. Ohio Mar. 29, 2013) ("the *Ex parte Young* fiction does not apply unless the officer sued has 'some connection with the enforcement of the act.'") (citing *Ex parte Young*, 209 U.S. at 157).

Plaintiffs fail to articulate what act by Chief Justice O'Connor they seek to enjoin as unconstitutional. *See* (Doc. 1). Plaintiffs argue that they have because they state that Chief Justice O'Connor has the authority to manage and supervise the Durrani cases in state court and their right to access Ohio courts has been and is being denied by her failure to manage "the unconscionable delays" in the Durrani cases. (Doc. 15, PageID 138)*.* Assuming without deciding that Plaintiffs' tenuous connection of Chief Justice O'Connor's acts to their alleged due process right violations is sufficiently articulated in their Complaint, more problematic is that Plaintiffs fail to identify the specific prospective injunctive relief that they seek. (Doc. 1, ¶ 63) ("Plaintiffs seek declaratory relief, and prospective injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201, *et seq.*, Plaintiffs further seek their costs and reasonable attorney fees under 42 U.S.C. § 1988, if applicable."); (**PRAYER FOR RELIEF WHEREFORE,** Plaintiffs request all relief to which they are entitled."). Without more, the Court is unaware of what act by Chief Justice O'Connor that Plaintiffs seek to enjoin or what they want the Court to do, and Plaintiffs' fail to satisfy the pleading standards in federal court. *See Iqbal*, 556 U.S. at 678. Eleventh Amendment immunity is proper.

### C. Section 1983

Even assuming Eleventh Amendment immunity is improper, the Court concludes that Plaintiffs fail to articulate a federal constitutional claim under Section 1983.

"To succeed on a claim under section 1983, the claimant must demonstrate both that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived the claimant of rights, privileges or immunities secured

by the Constitution or laws of the United States." *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (citing *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir.1996)).

Plaintiffs bring one claim pursuant to 42 U.S.C. § 1983 asserting that Chief Justice O'Connor has violated their rights to expeditious and timely trials under the due process clause of the 14th Amendment and, hence, denied Plaintiffs' access to the legal system. (Doc. 1, ¶¶ 8, 49, 60). To the extent that Plaintiffs assert a Fourteenth Amendment right to an expeditious or timely trial (Doc. 1, ¶¶ 8, 49), there is no federal right to a speedy trial in civil cases. *See e.g.*, *United States v. Forty Thousand Dollars ($40,000.00) in U.S. Currency*, 763 F. Supp. 1423, 1429 (S.D. Ohio 1991) ("Claimant alleges that her right to a speedy trial has been violated. This is a civil forfeiture proceeding, therefore, no such right exists. The Sixth Amendment right to a speedy trial only applies to criminal prosecutions.").

To the extent that Plaintiffs assert a Fourteenth Amendment "right to any trial before a fair tribunal" (Doc. 1, ¶ 60), a "fair trial in a fair tribunal is a basic requirement of due process," but this requirement focuses on the bias of the trial judge, not the failure of another judge to set a trial. *In re Murchison*, 349 U.S. 133, 136 (1955); *see Mason v. Burton*, 720 F. App'x 241, 244-45 (6th Cir. 2017); *Klein v. City of Jackson*, 477 F. App'x 317, 320 (6th Cir. 2012). Similarly, although Plaintiffs' allege that Chief Justice O'Connor's "creation and execution of a scheme, through the use of her powers and authority to manage and staff Ohio's civil courts, to prevent litigants with an opportunity to be heard on their medical malpractice and related claims for decades after the case was filed, also results in a denial of due process" (Doc. 15, PageID 139), the Court is not convinced by their terse allegation of a "scheme" by Defendant. Plaintiffs' argument equates delayed

6

trials with the denial of access to state courts and ultimately relates to their alleged constitutional right to the resolution of the Durrani cases within a speedy period of time. No such federal right exists. *See Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 707 (9th Cir. 1992) ("[W]e are unwilling to suggest that the Constitution may dictate or even countenance a time limit on the consideration a judge may give to a civil case.").

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **GRANTED** and this matter is **dismissed**. Consequently, Plaintiffs' Motion for a Preliminary Injunction (Doc. 24) is **DENIED as moot**. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

    **IT IS SO ORDERED.**

    _s/ Michael R. Barrett_____
    Michael R. Barrett, Judge
    United States District Court